IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-165

| | |
|---|---|
| MICKEY L. MAYBERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES and BRANCH ) | |
| BANKING & TRUST, ) | |
| ) | |
| Respondents. ) | O R D E R |
| ) | |
| ) | |

This matter is before the Court on the Government's Motion to Dismiss. The Motion is

GRANTED.

## I.     FACTS

On February 7, 2011, Petitioner filed his petition to quash a summons issued by the

Internal Revenue Service and served upon third-party recordkeeper, Branch Banking & Trust

(BB&T). Notice of the summons was served on Petitioner on January 7, 2011.

## II.     DISCUSSION

Petitioner failed to file his petition to quash by the twentieth day following the issuance

of the summons. The Court according lacks subject matter jurisdiction over this action.

Additionally, petitioner failed to properly serve the United States; therefore, the Court lacks

personal jurisdiction over the United States in this matter. Thus, Petitioner's action is dismissed.

## A. Untimely Petition

The United States, including the IRS, is immune to suit except where the Congress has expressly waived immunity by statute. See United States v. Sherwood, 312 U.S. 584, 587 (1941). In the Internal Revenue Code, Congress has waived sovereign immunity in certain circumstances. Section 7609(b)(2)(A) provides, in part, "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." Subsection (a)(2) of Section 7609 provides, "notice shall be sufficient if . . . such notice . . . is mailed by certified or registered mail to the last known address of such person. . . ." 26 U.S.C. 7609 (a)(2). In other words, the date that the Government mails the notice of the summons begins the running of the 20-day period. Therefore, if a petitioner neglects to begin a proceeding to quash within the twenty day period, the district court is without jurisdiction to quash the summons. Bogue v. United States, 2007 WL 5174951, *2 (E.D.N.C. 2007) (citing Henderson v. United States, 778 F.Supp. 274, 276 (D.S.C.1991)).

Because § 7609 waives the sovereign immunity of the United States, the statute's notice requirements are jurisdictional prerequisites and must be strictly enforced by courts. Vaughan v. United States, 2002 WL 1058118 (E.D.N.C. 2002) (citing Clay v. United States, 199 F.3d 876, 879 (6th Cir.1999) (dismissing petition to quash because filed twenty-two days after petitioner received notice of the summons); Stringer v. United States, 776 F.2d 274, 275 (11th Cir.1985) (dismissing petition because filed twenty-one days after petitioner received notice).

Here, the Government gave Petitioner proper notice on January 7, 2011. Petitioner's petition to quash was filed with the District Court of the Eastern District of North Carolina one month later, on February 7, 2011. Thus, the petition was filed more than 20 days after notice was

given. Petitioner argues that because he served the Government within 20 days, his petition is timely. The test however, is not when the Government is served, but when the petition is filed in Court. Regardless, the Petitioner failed to properly serve the Government, so this argument is moot.

As the United States has not consented to be sued except as to suits filed "not later than the 20th day after such notice is given," the United States has not waived sovereign immunity in this case and Petitioner's petition is dismissed for lack of subject matter jurisdiction.

### B. Petitioner failed to properly serve the United States

In order to effect proper service on the United States a party must (1) deliver a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or send a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) send a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States whose order is being challenged. See Fed. R. Civ. P. 4(l). The Court acquires personal jurisdiction over a defendant only if the defendant is properly served. Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987)

Here Petitioner has failed to obtain a summons from the Court. Thus, Petitioner has not served the United States with a copy of the summons and complaint. Additionally, as indicated on Petitioner's certificate of service, petitioner has failed to serve the United States Attorney's Office and the Attorney General with a copy of the petition to quash. Only the Internal Revenue Service was served with a copy of the petition, albeit without the summons.

Since Petitioner has failed to properly serve the United States, Petitioner's petition to quash is dismissed for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5), as well as for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

## III.    CONCLUSION

Petitioner's petition is DISMISSED for lack of personal and subject matter jurisdiction.

SO ORDERED, this __23__ day of July, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE